IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHARON DOLAN, and
ROBERT DOLAN, her husband,

    Plaintiffs,

vs.                      CASE NO.: 3:04-cv-01221-HES-MMH

WAL-MART STORES EAST, L.P.
A foreign profit corporation,

    Defendant.

## SECOND MOTION IN LIMINE AND
## INCORPORATED SUPPORTING MEMORANDUM OF LAW

Defendant Wal-Mart Stores East, L.P ("Wal-Mart"), files its Second Motion in Limine, and seeks to exclude matters that are inadmissible, irrelevant, or prejudicial to the material issues in this case. If Plaintiffs inject these matters into the trial of this case through a party, an attorney, or a witness, Plaintiffs will cause irreparable harm to Wal-Mart's case, which no jury instruction would cure. If any of these matters are brought directly or indirectly to the attention of the jury, Wal-Mart would be compelled to move for a mistrial. In an effort to avoid prejudice and a possible mistrial, Wal-Mart urges this Motion in Limine.

Wal-Mart requests the Court prohibit Plaintiffs from offering any of the evidence identified below.

1. Any evidence, statement, or argument of any subsequent remedial measure used to prove any negligence by Wal-Mart. *See* Fed. R. Evid. 407; *Wood v. Morbark Indus., Inc.*, 70 F.3d 1201, 1206-07 (11th Cir. 1995). Specifically, Wal-Mart asks

    that Plaintiffs make no mention of any changes or lack thereof after the accident to signage in the fabric department of the Wal-Mart store or to the set-up or display, the shelving, or other areas of the fabric of the Wal-Mart store.

2. Any evidence, statement, or argument regarding settlement negotiations. Evidence of settlement negotiations is inadmissible. *See* Fed. R. Evid. 408; *Affiliated Mfrs., Inc. v. Aluminum Co. of Am.*, 56 F.3d 521, 526-30 (3d Cir. 1995).

3. Any evidence, statement, or argument regarding demonstrative exemplar or example of the bolt of fabric that fell. Sharon Dolan is the only witness to the accident. With regard to the size and weight of the fabric that fell, at deposition she testified:

> Q: How heavy were the bolts, in your estimation?
> A: In my estimation – I have no – I don't know. Heavy . . . A lot heavier than I would have thought them to be.
> * * *
> Q: How big were the bolts?
> * * *
> A: One, two, three – four [feet].
> * * *
> A: [The bolts were] it is a yard [wide].
> * * *
> Q: What kind of fabric was it?
> A: The ones that fell?
> Q: Yes.
> A: Were lighter weight, stripped material.
> Sharon Dolan's February 28, 2005 Deposition transcript, p. 12:2 – 13:4.

This testimony is insufficient to support demonstrative evidence as to the weight or size of the bolt of fabric that fell. As such any demonstrative exemplar or example of the bolt of cloth does not tend to prove the weight or size of actual bolt of cloth at issue in this lawsuit, and as such is immaterial and offers no probative value as well as not being competent evidence. Any such reference,

even if simply as demonstrative, will mislead a jury as to the weight and size of the bolt of fabric that fell, and thereby prejudice Wal-Mart. *See* Rule 401, Fed. R. Civ. P.; *In re Air Crash Disaster*, 86 F.3d 498, 530-31 (6th Cir. 1996)(holding that trial court did not abuse its discretion in excluding exhibits of airline parts which were different from those involved in airline crash; probative value of exhibits was substantially outweighed by danger of unfair prejudice, confusion of issues, and misleading jury); *Keller v. U.S.*, 38 F.3d 16, 32 n. 10 (1st Cir. 1994)(noting that mock-up of ladder was excludable due to failure to lay foundation) *citing U.S. v. Myers*, 972 F.2d 1566, 1579 (11th Cir. 1992), *cert denied*, 57 U.S. 1017 (1993) (admissibility turns on whether there is foundation testimony that demonstrative evidence is a "fair" and "accurate" depiction of original); *Sanchez v. Denver & Rio Grande Western R.R. Co.*, 538 F.2d 304, 306 n. 1 (10th Cir. 1976)(noting that party must lay foundation of accuracy and fairness for motion picture exhibit).

4. Any opinion by an expert that is not supported by admissible facts, specifically including any opinions of or testimony by experts referring to, referencing, or relying upon a specific weight of the bolt or bolts of fabric at issue in this lawsuit. *See Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1331 (5th Cir. 1996). As such, any expert testimony about the weight of the bolt of fabric, size of the bolt of fabric, beyond that testified to by Sharon Dolan, is not based upon admissible facts and is speculative. Moreover, without a showing by Plaintiffs that the bolt of fabric was sufficiently similar to the bolt allegedly involved in the accident, the probative value of any such testimony is irrelevant and substantially outweighed

by the danger of unfair prejudice, confusion of issues, and misleading the jury, and should be excluded. *See* Rule 401 and 403, Fed. R. Evid.; *see also U.S. v. Gaskell*, 985 F.2d 1056, 1240-41 (11th Cir. 1993)(holding that expert's demonstration with rubber doll of amount of force necessary to cause injuries to infant from shaken baby syndrome was properly excluded where government failed to demonstrate that conditions of demonstration were substantially similar to alleged actions of defendant; noting also that demonstrative evidence should be excluded if its probative value is substantially outweighed by danger of unfair prejudice, confusion of issues, or misleading jury).

5. Any evidence, statement, or argument supporting an issue that was not contained in the final pretrial order. *See Life care Ctrs., Ind. V. Charles Town Assocs.*, 79 F.3d 496, 507 (6th Cir. 1996).

6. Any evidence in the form of computer-animated video purporting to recreate events at issue that is not substantially similar to the actual events. *Hinkle v. City of Clarksburg*, 81 F.3d 416, 424-25 (4th Cir. 1996).

7. Any evidence, statement, or argument regarding the testimony of Cynthia Brown or Helena Clements. Neither of these individuals witnessed the accident or were in any way involved with Plaintiffs or the circumstances surrounding the issues in this matter. As such, they have no relevant, competent, material, or probative information to offer the jury. *See* Rule 401 and 402, Fed. R. Evid.

8. Any evidence, statement, or argument regarding the adequacy or inadequacy of Wal-Mart's investigation, or comment regarding lack of Wal-Mart witnesses to the accident because they are immaterial, they have no relevance, and as such

does not tend to prove or disprove or make more or less probable any fact at issue. *See* Fed. R. Evid. 401 & 402.

9. Any evidence, statement, or argument regarding what Sharon Dolan may or may not have heard a Wal-Mart employee say immediately after the accident. Any such statements are hearsay not subject to an exception and therefore are inadmissible. *See* Fed. R. Evid. 801 & 802.

For theses reasons, Wal-Mart asks the Court to instruct Plaintiffs and all counsel not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of these matters without first obtaining the permission of the court, outside the presence and hearing of the jury, and to instruct Plaintiffs and all counsel to warn and caution each of their witnesses to follow the same instruction.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been furnished to Christine A. Clark, Pajcic by CM/ECF at Christine@pajcic.com this 24th day of January, 2006.

TAYLOR, DAY & CURRIE

/s/ John D. Osgathorpe
JOHN D. OSGATHORPE
Florida Bar No.: 147620
JOHN C. TAYLOR
Florida Bar No.: 125100
50 N. Laura Street Suite 3500
Jacksonville, FL 32202
(904) 356-0700 Telephone
(904) 356-3224 Facsimile

Attorneys For Defendant
Wal-Mart Stores East, L.P.